IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                             No. 2:08-mj-0058 KJM

    vs.

JUSTIN J. ORTMAYER,

    Defendant.                           <u>ORDER</u>

_____/

        This case was on calendar on October 30, 2008 for a hearing on the government's motion to revoke defendant's probation.  Anthony Storm, Certified Law Student, appeared for the government; Michael Petrik, Esq., Federal Defender's Office, appeared for defendant, who was not present.

        On May 1, 2008, defendant pleaded guilty to one count of driving when his license was suspended in violation of Title 18, United States Code section 13 and California Vehicle Code section 14601.1(a).  He was placed on a term of court probation for a year on the conditions that he serve a term of five days and pay a $400 fine and a $10 special assessment, both due immediately.

        In the petition to revoke probation, the government contended that defendant has not paid his fine or his special assessment.

1

Under Title 18 United States Code section 3563(c), a court may "modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration . . . of the term of probation . . . ." See <u>United States v. McFarlin</u>, 535 F.3d 808, 810 (8th Cir. 2008).  In general, under Rule 32.1(c) of the Federal Rules of Criminal Procedure, the court must hold a hearing before modifying a condition of probation; no hearing is required if the change is favorable to the probationer and the attorney for the government has had an opportunity to object.

This court proposes to modify the condition of probation by converting the fine to an abstract to be lodged against defendant's driver's license.  Because the government has not had a chance formally to object to this proposed modification and because the change may not necessarily be deemed favorable to the defendant, the court will set this matter for further hearing.  If by the close of business on November 11, 2008, the parties stipulate to the lodging of an abstract as proposed, and defendant waives a hearing on the proposed modification, the hearing may be vacated.

IT IS HEREBY ORDERED that this matter is set on calendar on November 12, 2008 at 10:00 a.m. in Courtroom Twenty-Six.

DATED: October 31, 2008.

_____
U.S. MAGISTRATE JUDGE

2

2

1  ortm0058.modify
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26